IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| FRANCIS CAMILLO, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02876-SHM-atc |
| | ) | |
| CAMPBELL CLINIC, P.C., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO RECONSIDER AND DENYING ALTERNATIVE EMERGENCY MOTION TO AMEND TO JOIN CATHERINE OLINGER**

On March 11, 2021, Francis Camillo, M.D. ("Plaintiff") filed a Motion for Reconsideration, or, in the alternative, an Emergency Motion to Amend to Join Catherine Olinger ("Olinger") (the "Motions"). (D.E. No. 43.) On March 25, 2021, Olinger responded. (D.E. No. 49.) On March 26, 2021, Plaintiff replied. (D.E. No. 50.) The Motions are DENIED.

**I.  Background**

The background is more completely stated in the Court's March 2, 2021 order granting Olinger's second motion to dismiss (the "Order"). (D.E. No. 41.)

The Court has dismissed all of Plaintiff's claims against Olinger. (<u>Id.</u>) The claims relevant to the Motions, defamation, intentional infliction of emotional distress, tortious

interference with business relations, and civil conspiracy, were dismissed as untimely. (Id. at 364.) Plaintiff's Complaint was filed in this Court before the Shelby County Circuit Court clerk had entered a non-suit in the state case, which meant that the period allowed by the savings statute had not yet started to run. (Id.)

Plaintiff asks the Court to reconsider that part of the Order addressing timeliness. (D.E. No. 43.) He argues that the Amended Complaint, which is the operative pleading, was filed after the clerk had entered the non-suit in the state case. (Id. at 370-72.) He argues that, because the operative pleading was filed after the non-suit had been entered, but before the period allowed by the savings statute had run, the relevant claims against Olinger were timely filed. (Id.) In the alternative, Plaintiff asks to amend the Amended Complaint to join Olinger. (Id. at 372-73.)

Olinger responds with several arguments. (D.E. No. 49.) Addressing the motion to reconsider, she argues that Plaintiff has already made the argument that the Amended Complaint was timely filed and that the Court should not consider a repeated argument under Local Rule 7.3(c). (Id. at 385-86.) She argues that the relevant date for the savings statute is the date the action was commenced, not the date the operative pleading was filed. (Id. at 389-91.) Addressing the emergency motion to join,

2

she argues that the Order dismissed the claims against her with prejudice and cannot be reinstated. (Id. at 394-95.)

## II. Jurisdiction

The Court has jurisdiction over Plaintiff's relevant claims against Olinger. (See D.E. No. 41 at 349-56.)

## III. Standard of Review

### A. Motions to Reconsider

A district court has inherent authority to reconsider an interlocutory order. Smith v. Marten Transp., LLC, No. No. 2:19-cv-02135-TLP-atc, 2020 U.S. Dist. LEXIS 159014, at *3 (W.D. Tenn. Sept. 1, 2020) (citing Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 F. App'x 942, 945-46 (6th Cir. 2004)); see also Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and [Federal] Rule [of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

"Courts revise interlocutory orders only when 'there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" Marten Transp., 2020 U.S. Dist. LEXIS 159014, at *3 (quoting Louisville Jefferson Cty. Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009)).

3

The relevant portion of Local Rule 7.3 provides that a motion to reconsider must demonstrate "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." W.D. Tenn. R. 7.3(b). However, "[n]o motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." W.D. Tenn. R. 7.3(c); see also In re Regions Morgan Keegan Secs., Derivative, No. 07-2784, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30, 2010) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)) ("Motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") Although a court can revise its prior rulings, it "should not do so in the vast majority of instances, especially where such motions restyle or rehash the initial issues." In re Southeastern Milk Antitrust Litig., No. 2:07-cv-208, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011) (internal quotations omitted).

**B.  Motions to Amend**

"The [C]ourt should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). The Supreme Court has emphasized that, in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

4

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cty., 408 F.3d 803, 817 (6th Cir. 2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historical Pres., 632 F.2d 21, 23 (6th Cir. 1980)).

**IV. Analysis**

    **A. Motion to Reconsider**

The Court will consider Plaintiff's repeated argument that the Amended Complaint is the operative pleading and was timely filed. Although repeated arguments are not permitted under Local Rule 7.3(c), it would be impossible for Plaintiff to argue that the Court manifestly failed to consider an argument previously presented under Local Rule 7.3(b) without repeating a previously presented argument.

Plaintiff's argument is unavailing. The operative pleading is the Amended Complaint, which was filed after the non-suit had been entered by the clerk in the state court. (D.E. No. 43 at 370-72.) However, the savings statute provides that a new action may be "commence[d]" within one year after the non-suit has been

5

entered. Tenn. Code Ann. § 28-1-105(a). Both Federal Rule of Civil Procedure 3 and Tennessee Rule of Civil Procedure 3 provide that an action is "commenced" by the filing of a complaint. Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."); Tenn.R.Civ.P. 3 ("All civil actions are commenced by filing a complaint with the clerk of the court."). The filing of the Complaint commenced the action for purposes of the savings statute, and the action was commenced before the period allowed by the savings statute had started to run. (See D.E. No. 41 at 362.) Plaintiff's relevant claims against Olinger were untimely.

A contrary result would be impractical. Plaintiff relies on the filing date of the Complaint to establish that his federal claims were timely filed. (D.E. No. 49 at 390; D.E. No. 1 ¶ 4; D.E. No. 19 ¶ 4.) He cannot rely on the Amended Complaint to establish that his claims against Olinger were timely filed while also relying on the date of the Complaint to establish that his federal claims against Campbell Clinic, P.C. were timely filed.

The Court did not manifestly fail to consider a dispositive legal argument. The motion to reconsider is DENIED.

    **B.**    **Emergency Motion to Amend to Join Olinger**

The relevant claims were dismissed with prejudice. In the Order, the Court dismissed the relevant claims against Olinger as untimely, which is a dismissal with prejudice. Drumbarger v.

6

Crosby, No. 3:11-cv-0684, 2013 U.S. Dist. LEXIS 189085, at *18 (M.D. Tenn. Feb. 27, 2013) (dismissing claims barred by the statute of limitations with prejudice); Tate v. United States, No. Cv 15-9323-FMO (JPR), 2020 WL 5260473, at *2 n.1 (C.D. Cal. May 4, 2020) ("Dismissal with prejudice is appropriate because untimely claims cannot be cured by amendment."); see Fed.R.Civ.P. 41(b) ("Unless the dismissal order states otherwise . . . any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). Plaintiff cites Fullwood Const. Co. v. McGil Holdings, LLC, No. 2:20-cv-02524-TLP-atc, 2020 WL 7090686, at *6 (W.D. Tenn. Dec. 3, 2020), as an example of a case that dismissed a claim on a motion to dismiss without prejudice. Id. Because a claim could have been dismissed without prejudice, however, does not mean that it was or that it should have been. In this case, the claims were dismissed with prejudice.

Plaintiff may not revive by amendment claims dismissed with prejudice. Tran v. Smith, No. 1:19-cv-00148-DAD-SAB (PC), 2021 WL 487367, at *2 (E.D. Cal. Feb. 10, 2021) ("Because Plaintiff's equal protection claim was dismissed, with prejudice, he is barred from raising it again in this action or any other federal action. Accordingly, amendment to add an equal protection claim should be denied.").

Amendment would be futile. The emergency motion to amend to join Olinger is DENIED.

**V.    Conclusion**

The Motions are DENIED.

SO ORDERED this 1st day of April, 2021.

                                         */s/ Samuel H. Mays, Jr.*
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE